JAMES KUYKENDALL *against* OLIVER GILBREATH.

ERROR *to Crawford Circuit Court.*

Upon a note for a certain sum for value received, payable one month after date, "provided the pre-emption be good and lawful, and passes to the end that will secure to me the uses and purposes for which such pre-emptions have been appropriated, if not, return said pre-emption, and this note to be valid in law," the true construction is, that, one party had purchased of the other a pre-emption, for which he was to pay such a sum in one month, provided the pre-emption was good, and passed so as to effect the object of the purchase.

A determination upon the validity of the pre-emption, and its passing so as to effect the objects of the purchase, are, in such cases, conditions precedent to the payment of the money.

Where a day certain is appointed for the payment of money, if the day is to arrive after the time at which the consideration ought to be performed, for which the money is made payable, the performance of the consideration is a condition precedent to the payment of the money.

A declaration therefore in debt, in the usual form, upon such a note, without noticing the proviso, is bad.

Kuykendall brought his action of debt against Gilbreath, by a declaration in the usual form upon a money bond, in every way technically and strictly correct. At September term, 1839, the record states, the defendant craved oyer of the writing sued on, which was granted by filing the original. He then demurred upon the record to the declaration, stating no special grounds of demurrer. A writing is copied in the record, which is in the following words and figures:

" One month after date I promise to pay James Kuykendall, or order, the sum of five hundred dollars, for value received, this 11th day of June, 1836.

" Provided the pre-emption be good and lawful, and passes to the end that will secure to me the uses and purposes for which such pre-emptions have been appropriated, or if not, return said pre-emption, and this note to be valid in law.

"OLIVER GILBREATH, SEAL."

The court below sustained the demurrer, and judgment was rendered for the defendant.

Kuykendall *against* Gilbreath.

TURNER & PIKE, for plaintiff in error:

The ground on which the judgment is attempted to be sustained is, that there is a variance between the instrument copied in the record, and the statement in the declaration: or rather, that the declaration omits the *proviso* contained in the bond.

But, in the first place, the bond copied in the record is not made a part of the record, nor does it appear to be the same which was given on oyer; on the contrary it is manifestly a different one, inasmuch as it is endorsed filed December 14, 1836, and oyer was craved and granted September 10, 1839. Consequently, in order to determine whether the demurrer was properly sustained, reference must be had exclusively to the declaration, which is every way good.

In the second place, we apprehend that even if the bond copied in the record is considered as given on oyer, still under the decisions of this court, a variance between the writing as sued on, and that given on oyer, or an omission to state some portion of it, could not be taken advantage of on demurrer, unless specially assigned—the declaration showing a good cause of action.

Moreover, we conceive that it was unnecessary to set out the proviso in the declaration. It contains no condition precedent, to be performed by the plaintiff, nor is he in any way named or referred to in it, or in any manner connected with the pre-emption mentioned in it. Of course the question of dependent or independent covenants does not arise, nor is there any condition precedent to be performed by the plaintiff. The proviso is in fact senseless and utterly devoid of meaning, and amounts to nothing.

The rule laid down by Chitty as to *provisos,* is as folllows: "That wherever there is a circumstance, the omission of which is to defeat the plaintiff's right of action, *prima facie* well founded, whether called by the name of a *proviso* or a condition subsequent, it must, in its nature, be a matter of defence, and ought to be shown in pleading by the opposite party. 1 *Ch. Pl.* 255; *Hotham vs. E. Ind. Co.* 1 T. R. 645. In pleading upon statutes, when there is an exception, not in the enacting clause, but in a subsequent one, that is matter of defence, and the defendant must show it, to exempt himself from the

penalty. *Id.; Rex vs. Ford, Str.* 555; *Rex vs. Bryan, ib.* 1101; *Sheldon vs. Clark,* 1 J. R. 513; *Bennett vs. Hurd,* 3 J. R. 438; *Teel vs. Fonda,* 4 J. R. 304; *Hart vs. Cleis,* 8 J. R. 41. And in regard to contracts the law is thus defined: that if the promise or engagement embody or contain, *as part of it,* an *exception* or *proviso* which *qualifies* his liability, or in certain instances renders him altogether irresponsible, so that he was not in law absolutely bound, the declaration must notice it. 1 *Ch. Pl.* 339: But where the *proviso* in a written instrument is *distinct* from, and is not even *referred to by* the clause *on which the debt is* charged, it is considered matter of defeasance, &c., which ought to come from the other side, and then it need not be set forth by the plaintiff. 1 *Ch. Pl.* 340. In this case, as appears by the record, the proviso is an entirely distinct clause, not connected at all with the obligatory part of the instrument, and not qualifying it, because it is devoid of meaning. See *Warner vs. Broadus,* 2 *J. J. Marsh,* 264.

It does not appear from the proviso that there was any contingency connected with the plaintiff, in which the amount of the bond was not to be paid. If there was, it devolved on the defendant to show it, and the plaintiff was not bound to notice the proviso at all in his declaration.

DICKINSON, J., delivered the opinion of the court.

The plaintiff in error contends that the action is properly brought. Though debt is, in general, a concurrent remedy with covenant, the rule is not universal. Where a deed contains a contract, expressed or implied, for the payment of a sum certain, the party may elect his remedy. So on a penal bond for the performance of covenants and agreements. But where the contract is under seal, and one engages with the other, that some act hath or hath not already been done, or for the performance or non-performance of some specified duty, without any penalty contained therein, it is different. So, if a certain event takes place, he will pay so much money. No particular words are necessary to create a covenant or condition, and it is immaterial, in point of construction, whether the clause of condition be placed in

the instrument, prior, or posterior to others. *Co. Litt.* 20, 3, 6; 2 *Mod.* 72; *Cro. Eli.* 348. Contracts are always to be so expounded as to carry into effect the intention of the parties; which intention is not to be collected from the language of a single clause, but from the entire contents of the deed, and according to the reasonable sense and construction of the words. However general the words of a covenant may be, if standing alone, yet, if from other covenants in the same deed, it is plainly and irresistibly to be inferred, that the party could not have intended to use the words in the general sense which they import, the court will limit the operation of the general words. 2 *Bos. & Pull.* 574—5. Gilbreath purchases of Kuykendall a pre-emption, for which, he covenants to pay him five hundred dollars within one month from the date of the deed, upon condition that the pre-emption is good and lawful, and passes so as to secure to him the benefit of it. But if it should not be good and lawful, and so pass as to effect the object of the purchase, then the object is defeated, provided he returns the pre-emption to Kuykendall. In the case of *Thorpe vs. Thorpe*, 1 *Ld. Ray* 665, and *M.* 12 *Mod.* 445, 1 *Salk.* 171, and *Lutw.* 75, it was decided that, where a day certain is appointed for the payment of money, if the day is to arrive after the time in which the consideration ought to be performed, for which the money is made payable, the performance of the consideration is a condition precedent to the payment of the money. The contract then, between Kuykendall and Gilbreath, so far as regards the fulfilment of the covenant, should have been consummated prior to the time of payment. Though the terms in which the deed is worded are somewhat loose and ambiguous, there is no difficulty in ascertaining the meaning and intent of the parties. However correct the argument of the plaintiff in error may be, as regards a proviso, when it comes up properly, by plea, as matter on an issue of fact, it is not applicable when the case stands on demurrer as to the legal construction to be given to a deed. The question of dependent or independent contracts, certainly does arise in this case, for there was a condition precedent to be fulfilled by Kuykendall, before he could make Gilbreath liable upon his covenant. If one party was ready and offered

to perform his part, and the other neglected or refused to perform *his part*, he who is ready and offers, has fulfilled his engagement, and may maintain an action of covenant for the default of the other. Judgment affirmed.